UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Civil Action No. 22-cv-6473
NELSON CORNEJO-VALDEZ, individually, and on
behalf of all others similarly situated,

                           Plaintiff,              **CLASS AND COLLECTIVE**
                                          **ACTION COMPLAINT**

   -against-

DOMENICO'S PIZZA RESTAURANT, INC. and
DOMENICO BELCASTRO,

                           Defendants.
-------------------------------------------------------------X

      Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law Group, PLLC, complaining of Defendants, respectfully alleges upon knowledge as to himself, and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action on behalf of himself, and all others similarly situated, to seek redress against Defendants for systematic and class-wide failure by Defendants to provide required overtime wages, spread of hour wages, for the failure to provide accurate wage payment statements reflecting all the hours Plaintiff in fact worked and the failure to provide a notice at the time of hiring or thereafter of Plaintiff's hourly rate in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      2.     Defendants are the owners and/or operators of an Italian restaurant known as Domenico's Pizza Restaurant ("Domenico's"), located at 3270-A Hempstead Turnpike, Levittown, New York 11756. Plaintiff worked for Defendants at Domenico's from in or around 2012 through May 30, 2022, in which Plaintiff worked as a dish washer from 2012 through 2017

and as a pizza maker from 2018 through 2022. Throughout Plaintiff's employment, Plaintiff worked a strenuous schedule that ranged from fifty-four and one-half hours (54.5) to sixty-six (66) hours per week. Plaintiff was paid at an hourly rate during Plaintiff's employment that ranged from $16.00 to $25.00 per hour.

3.       Irrespective of the number of hours worked per week, Plaintiff was paid at Plaintiff's regular hourly rate and at no time did Plaintiff receive overtime wages at one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week. Moreover, Plaintiff frequently worked shifts in excess of ten (10) hours for which Plaintiff was required to receive spread of hours wages of one additional hour at the minimum wage rate, yet Plaintiff did not receive any spread of hours wages.

4.       Significantly, in an effort to conceal Plaintiff's overtime and spread of hours worked, Plaintiff was provided with fraudulent wage payment statements each week that incorrectly reflected Plaintiff as only working between twenty-four (24) to thirty-six (36) hours per week. For the hours contained on the wage statements Plaintiff was issued payment by payroll checks while payment for the remaining hours Plaintiff worked that were not contained on the wage statements was issued by cash payments.

## **PARTIES**

5.       Plaintiff was and still is a resident of the County of Nassau, State of New York.

6.       Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7.       Defendant Domenico's Pizza Restaurant, Inc. was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

2

8.      Defendant Domenico Belcastro was and still is a resident of the State of New York.

9.      Defendant Domenico Belcastro was and still is the president, chief executive officer, principal and/or manager of Defendant Domenico's Pizza Restaurant Inc.

10.     Defendant Domenico Belcastro was and still is in active control and management of Defendant Domenico's Pizza Restaurant Inc., regulated the employment of persons employed by corporate Defendant, acted directly and indirectly in the interest of corporate Defendant in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

11.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

13.     This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## FACTS

15.     Defendants are the owners and/or operators of an Italian Restaurant known as "Domenico's", located at 3270-A, Hempstead Turnpike, Levittown, New York 11756.

16.     Plaintiff worked for Defendants from in or around 2012 through May 30, 2022.

17.     Plaintiff worked for Defendants as a dishwasher from in or around 2012 through 2017 and as a pizza maker from 2018 through May 30, 2022.

18.     As a dishwasher, Plaintiff's duties included unloading the cutlery and dishes brought to the kitchen while loading and organizing them into trays for the washer, washing pans, dishes, cutlery by hand and other task as needed.

19.     As a pizza maker, Plaintiff's duties included preparing pizza dough, slicing and chopping toppings, and accommodating special requests from customers.

20.     From 2016 through 2017, Plaintiff worked 12:00 p.m. to 11:00 p.m., Tuesday through Sunday, for an approximate total of sixty-six (66) hours per week.

21.     From 2018 through 2019, Plaintiff worked Tuesday 9:00 a.m. to 10:00 p.m., Wednesday 9:00 a.m. to 4:00 p.m., Thursday 4:00 p.m. to 10:00 p.m., Friday 9:00 a.m. to 9:00 p.m., Saturday 9:00 a.m. to 8:30 p.m. and Sunday 9:00 a.m. to 8:00 p.m., for an approximate total of fifty-eight and one-half (58.5) hours per week.

22.     From 2020 through 2022, Plaintiff worked Tuesday 9:00 a.m. to 10:00 p.m., Wednesday 9:00 a.m. to 4:00 p.m., Thursday 4:00 p.m. to 10:00 p.m., Friday 9:00 a.m. to 9:00 pm., Saturday 9:00 a.m. to 8:30 p.m. and Sunday 9:00 a.m. to 4:00 p.m., for an approximate total of fifty-four and one-half (54.5) hours per week.

23.     Plaintiff's hours were tracked by a punch time clock system.

24.     Plaintiff was paid at a rate of $16.00 per hour from 2016 through 2017, $18.00 per hour from 2018 through 2020, $20.00 per hour in 2021, and $25.00 per hour in 2022.

25.     Plaintiff was paid at these rates irrespective of the number of hours worked per week and at no time was Plaintiff paid overtime wages at one and one-half Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week. Moreover, Plaintiff was not paid spread of hours wages of one additional hour at the minimum wage rate for shifts in excess of ten (10) hours.

26.     Each workweek Plaintiff was paid by both cash and check.

27.     Significantly, a fraudulent system was maintained by Defendants in which a random varying number of hours were listed on Plaintiff's wage statements that falsely indicated that Plaintiff worked between twenty-four (24) to thirty-six (36) hours per week.

28.     The hours listed on Plaintiff's wage statements was paid by check while the hours Plaintiff worked in excess thereof was paid in cash.

29.     Upon information and belief, this system of falsely underreporting employees' work hours was utilized by Defendants to conceal overtime and spread of hours pay violations from any further investigations by the Department of Labor.

30.     At all relevant times, Defendant Domenico Belcastro was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Domenico's.

31.     At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

32.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

33.     Plaintiff was entitled to be paid at least one and one-half times Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA, 29 U.S.C. § 207 and NYLL, 12 NYCRR § 142-2.2.

34.     Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

35.     At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

36.     As a restaurant employee, Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages") irrespective of Plaintiff's hourly rate paid pursuant to N.Y. Lab. Law §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

37.     Throughout Plaintiff's employment Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

38.     Throughout the relevant period Plaintiff's employment Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a shift in excess of ten (10) hours in violation of the NYLL and NYCRR.

39.     At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to N.Y. Lab. Law § 195(3).

40.     At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to N.Y. Lab. Law § 195(1).

41.     During Plaintiff's employment, Plaintiff was not provided with proper wage payment statements reflecting the actual and correct number of hours worked per week nor was Plaintiff provided with a notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

43.     Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

44.     Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendants at Domenico's who worked as waitstaff and bussers

from the period of January 1, 2019 to the date of final judgment in this matter, who were not paid overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt out of this action (hereinafter referred to as the "Domenico's Collective").

45.     Upon information and belief, the Domenico's Collective consists of thirty (30) or more similarly situated individuals who have not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

46.     Defendants have failed to pay overtime to employees other than those in Domenico's Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

47.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

48.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings the state law claims on behalf of himself and other similarly situated as a representative of a class of all non-exempt restaurant workers employed by Defendants within the six years prior to the filing of this complaint.

50.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the relevant time period of January 1, 2016 to the date of final judgment in this matter, have been employed by Defendants at Domenico's as waitstaff and bussers that worked overtime and were not paid

one and one-half times the minimum wage rate or hourly rate of pay; worked shifts in excess of ten (10) hours and did not receive spread of hours wages of one additional hour at the minimum wage rate; were not provided with accurate wage payment statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Domenico's Class").

51.     Upon information and belief, the Domenico's Class includes over one hundred (100) similarly situated individuals who have not been paid overtime wages, spread of hours wages, and who have not received wage payment statements or notices of pay rate upon the commencement of their employment, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

52.     The class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

53.     There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

54.     Common questions of law and fact include, but are not limited to, the following:

A. Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

B. Whether Defendants have consistently failed to pay Plaintiff and class members spread of hours wages of one additional hour at the minimum wage

rate for shifts in excess of ten (10) hours in a workday as required by the NYLL;

C. Whether Defendants failed to provide Plaintiff and class members with accurate wage payment statements as required by the NYLL;

D. Whether Defendants have failed to provide Plaintiff and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL;

E. Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

55. Plaintiff's overtime wages, spread of hours wages, wage payment statements and wage rate notification claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

56. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class Plaintiff seek to represent.

57. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

58. Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications

establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

59.     Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

60.     Plaintiff and members of the Domenico's Class and Domenico's Collective defined above (collectively, "Domenico's Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including overtime wages, spread of hours wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

61.     As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Domenico's Group by violating the FLSA and/or the NYLL.

62.     Defendants have substantially benefitted and profited from the work that Plaintiff and Domenico's Group have performed.

63.     Defendants failed to keep accurate records of the hours worked by the Plaintiff and the Domenico's Group.

64.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

65.     Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

66.     Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Domenico's Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

67.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

68.     At all relevant times, Plaintiff and the Domenico's Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

69.     At all relevant times, Defendants employed Plaintiff and the Domenico's Collective within the meaning of 29 U.S.C. § 203(g).

70.     As the Defendants shared control of the services of the Plaintiff and Domenico's Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

71.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

72.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

73.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq.*

74.     Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in

excess of forty (40) worked in any workweek.

75.     Plaintiff and the Domenico's Collective were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Domenico's Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

76.     Defendants required Plaintiff and the Domenico's Collective to work more than forty (40) hours a week, and Plaintiff and the Domenico's Collective regularly worked more than forty (40) hours a week throughout their employment.

77.     At no time have Defendants paid Plaintiff and the Domenico's Collective a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Domenico's Collective's hourly rate of pay for all of the hours Plaintiff and the Domenico's Collective worked in excess of forty (40) hours per week.

78.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Domenico's Collective for overtime at a rate of one and one-half times Plaintiff and the Domenico's Collective's hourly rate of pay for all of the hours Plaintiff and the Domenico's Collective worked in excess of forty (40) hours per week.

79.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Domenico's Collective required regular and overtime wages, Plaintiff and the Domenico's Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

80.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Domenico's Collective was in compliance with the law,

Plaintiff and the Domenico's Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

81.     Members of the Domenico's Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the NYLL)*

82.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

83.     At all relevant times, Plaintiff and the Domenico's Class were employees and Defendants were employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

84.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

85.     Pursuant to N.Y. Lab. Law § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

86.     Plaintiff and the Domenico's Class were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Domenico's Class's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

87.     Defendants required Plaintiff and the Domenico's Class to work more than forty (40) hours a week, and Plaintiff and the Domenico's Class regularly worked more than forty (40) hours a week throughout their employment.

88.     At no time have Defendants paid Plaintiff and the Domenico's Class a rate of one and one-half times Plaintiff and the Domenico's Class's hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

89.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Domenico's Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

90.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Domenico's Class required regular and overtime wages, Plaintiff and the Domenico's Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

91.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Domenico's Class was in compliance with the law, Plaintiff and the Domenico's Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

92.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

93.     Pursuant to N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4, non-exempt employees are required to be paid one additional hour at the minimum wage rate for any shift in excess of ten (10) hours in a workday.

94.     Plaintiff and the Domenico's Class were entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

95.     Defendants required Plaintiff and the Domenico's Class to work in excess of ten (10) hours in a workday, and Plaintiff and the Domenico's Class regularly worked in excess of ten (10) hours in a workday.

96.     Defendants failed to pay Plaintiffs and the Domenico's Class the spread of hour wages to which they were entitled under NYLL.

97.     Defendants' failure to pay Plaintiff and the Domenico's Class their lawfully due spread of hours wages was a willful violation of N.Y. Lab. Law §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

98.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Domenico's Class required spread of hours wages, Plaintiff and the Domenico's Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.4.

99.     As Defendants did not have a good faith basis to believe that their failure to pay spread of wages to Plaintiff and the Domenico's Class was in compliance with the law, Plaintiff and the Domenico's Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### *(Wage Statements NYLL § 195(3))*

100.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

101.    Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

102.    Defendants failed to furnish accurate wage statements to Plaintiff and the Domenico's Class in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff and the Domenico's Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

103.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

104.    As Defendants failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff and the Domenico's Class are entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000.00, together with attorneys' fees, costs and interest.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### *(Pay Rate Notification NYLL § 195(1))*

105.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

106.    N.Y. Lab. Law § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

107.    Defendants failed to furnish such a statement to Plaintiff and the Domenico's Class in violation of N.Y. Lab. Law § 195(1) by, *inter alia*, failing to provide Plaintiff and the Domenico's Class at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by N.Y. Lab. Law § 195(1).

108.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

109.    As Defendants failed to provide Plaintiff and the Domenico's Class with proper a proper notice under N.Y. Lab. Law § 195(1), Plaintiff and the Domenico's Class are entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seeks the following relief:

A.  That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Domenico's Collective. Such notice shall inform the Domenico's Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B.  Certification of the Domenico's Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiff as class representative; designation of Plaintiff's counsel as class counsel; and a reasonable incentive payment to Plaintiff;

C.  On the First Cause of Action on behalf of Plaintiffs and Domenico's Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Second Cause of Action on behalf of Plaintiff and Domenico's Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Third Cause of Action on behalf of Plaintiff and the Domenico's Class Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.  On the Fourth Cause of Action on behalf of Plaintiff and Domenico's Class Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.  On the Fifth Cause of Action on behalf of Plaintiff and Domenico's Class Members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

H.  Such other and further relief as is just and proper.

Dated: Syosset, New York
          October 25, 2022

Respectfully submitted,
BELL LAW GROUP, PLLC


By: */s/ Matthew Madzelan*
Matthew Madzelan, Esq.
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
Matthew.M@Belllg.com
*Attorneys for Plaintiff*